IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARNALDO TORRES SANTIAGO,

               Petitioner,

    v.                                            CIVIL ACTION
                                                     NO. 15-5868

SUPERINTENDENT OF SCI
HUNTINGDON, et al.,

               Respondents.

## ORDER

**AND NOW**, this 30th day of December, 2016, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, after review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley, and having reviewed Petitioner's Objections to the Report and Recommedation, it is hereby **ORDERED** as follows:

    1. The Report and Recommendation is APPROVED and ADOPTED.[1]

---

[1] Petitioner's Objections to the Report and Recommendations reiterate arguments he has made not only in his petition but in prior proceedings as well. The only issue worth any additional note is Petitioner's objection to the Magistrate Judge's conclusion that there was no judicial error or ineffectiveness of counsel related to the admission of evidence obtained based on Petitioner's statements when those statements were themselves suppressed.

    Petitioner was held at the police station, ostensibly as a witness but definitely not permitted to leave, for many hours before blurting out an incriminating statement when he was approached by a detective to clarify answers made earlier in the day. At that point he was given *Miranda* warnings and proceeded to make a more detailed inculpatory statement, including directing detectives to the person to whom he had given the murder weapon. Because of the length of time Petitioner was held in the police station and the fact that the police collectively had information that could or should have led them to view Petitioner as a suspect, the pre-trial judge granted suppression and ruled the statements inadmissible. The judge, however, refused to suppress the gun and the statement of the person with whom Petitioner had left it.

    As correctly noted by the suppression judge, the Superior Court on appeal, and the Magistrate Judge in her Report and Recommendation, under *United States v. Patane*, 542 U.S. 630, 636-44 (2004), the Fifth Amendment's Self-Incrimination Clause, and thus *Miranda* warnings, relates only to a defendant's statements, not to any evidentiary fruits of those statements. Exclusion of the evidentiary fruits requires a separate analysis of whether the statements were voluntary, not whether they were Mirandized. The Magistrate Judge concluded that the circumstances of Petitioner's stay and questioning in the police station did not render his

    2. The Petition for Writ of Habeas Corpus is DENIED.

    3. There is no basis for the issuance of a certificate of appealability.

**BY THE COURT:**

<u>*s/s JEFFREY L. SCHMEHL*</u>
Jeffrey L. Schmehl, J.

---

statements involuntary. There are reasons to at least question whether the statements were voluntary. By the time he gave the statements leading to the evidence, Petitioner had been held for more than six hours. Moreover, Petitioner was originally told he was finished and could leave but, due apparently to delays in official escort out of the building, he was kept in the waiting area for another two hours before being questioned again, whereupon he suddenly made an incriminating statement. These circumstances could suggest that when the detective came back to him after all that time, Petitioner had been overcome by the ordeal and the uncertainty. But as the Magistrate Judge noted, the ordeal consisted simply of waiting; Petitioner was not handcuffed or physically coerced or subjected to other forceful tactics. Further, which the Magistrate Judge did not highlight, Petitioner *did* receive *Miranda* warnings immediately before making the statements that led to the evidence in question. However, he did not receive those warnings before initially incriminating himself, and the late reading of those warnings was not sufficient to make his subsequent statements admissible. But the fact that detectives thoroughly explained Petitioner's rights to him, immediately before he went ahead and made the statements that led detectives to the gun and the witness who had the gun, strongly supports the conclusion that his statements were voluntary. In other words, though the scope of the statements overall was not considered properly Mirandized, the statements that led to the evidence were in actuality properly Mirandized, which along with the lack of truly coercive tactics provides sufficient indication that the statements were voluntary and the evidence accordingly admissible.